# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| South Carolina Human Affairs Commission, ) ) ) Plaintiff, ) ) v. ) ) Roper Mountain Wood Apartments ) Associates, LLC d/b/a Roper ) Mountain Wood Apartments, LLC; ) 912 Providence Road, LLC; Mountain ) Road Maintenance, LLC; Roper ) Apartment Management, LLC; ) Whitney Kingsmore, individually and ) as agent/employee of Roper Mountain ) Woods Apartments, LLC; Jim Gordan, ) individually and as agent/employee of ) 912 Providence Road, LLC, Mountain ) Road Maintenance, LLC, and/or Roper ) Apartment Management, LLC, ) ) Defendants. ) _____ ) | Civil Action No. 6:21-cv-1032-TMC **ORDER** |

Before the court is Plaintiff South Carolina Human Affairs Commission's ("SCHAC") motion for remand of this action to state court. (ECF No. 17). Defendants filed a response opposing remand, (ECF No. 21), and SCHAC filed a reply, (ECF No. 23). The court concludes a hearing is unnecessary as the briefs and materials submitted by the parties are sufficient for the court to render a decision on the matters before it. *See* L.R. 7.08 (D.S.C.).

**Background**

On February 25, 2021, SCHAC filed this action against Defendants in the Greenville County Court of Common Pleas. (ECF No. 1-1). *See South Carolina Human Affairs Comm'n v. Roper Mountain Wood Apartment Associates, LLC d/b/a Roper Mountain Wood Apartments, LLC, et al.*, C/A No. 2021-CP-23-00926, Greenville County Public Index (last visited May 13, 2020). SCHAC is a South Carolina state agency charged, it alleges, with "eliminat[ing] and prevent[ing] discrimination in employment, housing, and public accommodations." (ECF No. 1-1 at 8). SCHAC asserts in the complaint that it brought this action "on behalf of Kyle and Amanda Dobbins ('Aggrieved Parties') to enforce the South Carolina Fair Housing Law (hereinafter 'FHL'), § 31-21-10 *et seq*. of the South Carolina Code of Laws, as amended, and its implementing regulations." *Id*.

SCHAC contends that "Defendants have engaged in a practice of discrimination against the Aggrieved Parties in violation of the South Carolina Fair Housing Law by denying them equal terms, conditions, or privileges associated with their housing." *Id*. at 9. Specifically, SCHAC alleges that during the relevant time period Kyle Dobbins had a disability bringing him within "a class of persons protected from unlawful discrimination by the [South Carolina Fair Housing Law]." *Id*. at 10. According to the complaint, the Dobbinses rented an apartment unit owned, operated, and managed by Defendants in 2017, "at which time Mr. Dobbins required

the use of an emotional support animal related to his disability. No pet fee was charged as part of the application because the animal was identified as an emotional support animal." *Id*. SCHAC alleges that in 2018 Mr. Dobbins acquired another service animal to assist with a "separate disability" and that "an addendum to the lease agreement was made to add this additional service animal in 2018." *Id*. SCHAC claims that when the Dobbinses moved out of their unit in December 2019, Defendants nonetheless assessed them with "a pet fee of $300." *Id.* SCHAC further alleges that Defendants have rejected numerous requests from the Dobbinses to remove the pet fee charge and have, in fact, "turned the charge over to a collections agency and posted the same against the [Dobbinses'] credit report." *Id*. As a result of Defendants' alleged conduct, SCHAC claims the Dobbinses have suffered "substantial economic loss," "have had difficulty finding housing because their credit report shows this unlawful charge," and have "suffer[ed] emotional distress and other injury as a result of the stress of this unnecessary situation." *Id*. at 11.

According to the complaint, the Dobbinses eventually sought an administrative solution to the dispute and "dual-filed a complaint with SCHAC under the South Carolina Fair Housing Law, §31-21-10 *et seq*." and "with the United States Department of Housing and Urban Development under corresponding federal laws on July 16, 2020." *Id*. SCHAC investigated the complaint and concluded that "there was evidence to prove that [the Dobbinses] were denied equal terms,

conditions, or privileges of sale or rental of a dwelling based on [Kyle Dobbins's] known disability." *Id*.

SCHAC then filed this action on behalf of the Dobbinses, asserting three causes of action under the SCFHL (1) "Discrimination in Sale or Rental/Reasonable Accommodation" pursuant to S.C. Code Ann. §§ 31-21-40(6); 31-21-70(G)(2); (2) "Discrimination in Terms and Conditions" pursuant to S.C. Code Ann. § 31-21-40(7); and (3) "Interference with the exercise of a right under the Fair Housing Law" pursuant to S.C. Code Ann. § 31-21-80. (ECF No. 1-1 at 11–13). In its prayer for relief, SCHAC requested the court to issue an order declaring that the Defendants' alleged actions violated the SCFHL set for in S.C. Code Ann. § 31-21-10 *et seq.*; awarding such damages as are permitted by S.C. Code Ann. § 31-21-140(B) to compensate the Dobbinses "for any economic loss, emotional distress, substantial inconvenience, embarrassment, humiliation, loss of a housing opportunity, and any and all other actual damages caused by Defendants' discriminatory conduct"; and assessing a civil penalty not to exceed $21,039. *Id*. at 13. Additionally, the prayer for relief requested that the court's order enjoin "the Defendants, their employees, agents, successors, and any other persons in active concert or participation with any of them from retaliating against any person for the exercise of rights under the Fair Housing Law and Fair Housing Act." *Id*. at 13.

On April 7, 2021, Defendants removed this action on the basis that this court has federal question jurisdiction over this action under 28 U.S.C. § 1331 on the basis of the reference to the federal Fair Housing Act in the prayer for relief, (ECF No. 1 at 3), and supplemental jurisdiction over Plaintiff's state law claims of violation of the SCFHL under 28 U.S.C. § 1367(a). (ECF No. 1 at 3).

SCHAC now moves for an order remanding this case to state court on the grounds that every cause of action asserted in the complaint is "based on state laws which bestowed specific duties and powers to the Plaintiff in state court;" that "[t]he Plaintiff's Complaint does not allege any claims which arise under the Constitution, laws or treaties of the United States;" and that no cause of action "invokes the Constitution, the laws or treaties of the United States" or requires the resolution of a federal issue. (ECF No. 17 at 1–2). In response, Defendants contend that the case was properly removed "because Plaintiff specifically *pled a claim* under the federal FHA and specifically requested an injunction pursuant to the FHA." (ECF No. 21 at 2). Defendants argue that because "SCHAC explicitly and specifically referenced the federal FHA twice and requested injunctive relief thereunder," it "thereby invoke[ed] federal jurisdiction under Section 133." *Id*. at 5.

## Legal Standards

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); The Court should strictly construe

removal jurisdiction because it "raises significant federalism concerns." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Doubts as to the Court's jurisdiction should weigh in favor of remanding to state court. *Id.*; *see Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (expounding on congressional "intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction"). Because Defendants are the litigants invoking the court's jurisdiction, Defendants bear the burden of establishing that the case was properly removed from state court. *Mulcahey*, 29 F.3d at 151.

**Discussion**

The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The district court's original jurisdiction includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, the question is whether the complaint raises issues of federal law capable of creating federal-question jurisdiction which requires the court to "discern whether federal or state law creates the cause of action." *Mulcahey*, 29 F.3d at 151.

"In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." *Id*. Of course, "if the claims are created by state law, the court should generally remand." *Carolyn E. Ford & William G. Ford, Jr*. v. *Newrez, LLC f/k/a New Penn Fin. LLC d/b/a Shellpoint Mortg. Servicing et al.*, No. 4:20-cv-02789-SAL, 2020 WL 9397557, at *2 (D.S.C. Nov. 20, 2020). Federal question jurisdiction may also exist, however, where the well-pleaded complaint clearly establishes that vindication of a right created by state law "necessarily depends on a substantial question of federal law." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see Pinney v. Nokia. Inc*., 402 F.3d 430, 442 (4th Cir. 2005) (explaining that there is federal jurisdiction in a "small class of cases" where the complaint asserts claims created by state law but "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims") (internal quotation marks omitted).

In this case, the complaint asserts three causes of action that were created by state law. All three are grounded solely on the SCFHL and SCHCA's right to relief is, therefore, wholly dependent on state law. Defendants' contrary contention that SCHAC "specifically pled a claim under the federal FHA," (ECF No. 21 at 2), is patently incorrect. The complaint contains three causes of action, each based entirely on state law. *See* (ECF No. 1-1 at 11–13). SCHAC's causes of action neither

7

cite to nor rely upon federal law. The right to relief on all claims in the complaint turns on the resolution of state, not federal, law.

Defendants place great emphasis on two references to federal law in the complaint. (ECF No. 21). The first is a passing reference in the background facts alleged in the complaint, noting that the Dobbinses "timely dual-filed a complaint with SCHAC under the South Carolina Fair Housing Law, § 31-21-10 et seq., as amended, and with the United States Department of Housing and Urban Development under corresponding federal laws." (ECF No. 1-1 at 11). Defendants' suggestion that such a reference amounts to an "invo[cation of] federal jurisdiction," (ECF No. 21 at 5), is wholly without merit. Mere "references to federal law in [a] Complaint do not transform Plaintiff's state law causes of action to claims under federal law." *Litwak v. Tomko*, No. 3:18-CV-01377, 2018 WL 4256831, at *3 (M.D. Pa. Sept. 6, 2018); *see Lingvevicius v. Universal Health Servs., Inc.*, Case No. C18-0401-JCC, 2018 WL 2016420, at*1 (W.D. Wash. May 1, 2018) (explaining "a mechanical reference to a federal law [does not] guarantee jurisdiction" in federal district court); *Wickersham v. T.D. Bank*, No. 13-7108, 2014 WL 2571640, at *2 (D.N.J. June 9, 2014) (concluding that "mere mention" of federal law in complaint did not give rise to federal jurisdiction).[1]

---

[1] Indeed, in this case, SCHAC was merely alleging that the Dobbinses had pursued administrative recourse under both state and federal law before SCHAC filed this action on their behalf in state court. Clearly, this reference was not an attempt to raise a claim for relief under federal law. *See*

8

The other reference to federal law is in the prayer for relief, which asks that the court's order, in addition to granting declaratory and remedial relief including damages for Defendants' alleged violation of state law, enjoin Defendants from retaliating against "any person for the exercise of rights under the [South Carolina] Fair Housing Law and [the federal] Fair Housing Act." (ECF No. 1-1 at 13). When a plaintiff's claims are based solely on state law, an extraneous reference to federal law in the prayer for relief is likewise insufficient to invoke federal question jurisdiction. *See, e.g., McAdams v. Ford Mord Co.*, No. 18-cv-07485-LHK, 2019 WL 2378397, at *3 (N.D. Cal. June 5, 2019) (granting motion to remand where only references to federal law appeared in prayer for relief and no cause of action set forth in complaint was grounded on federal law). Additionally, in its reply to Defendants' opposition to remand, SCHAC clarifies that it is not seeking any sort of relief under the federal FHA. (ECF No. 23 at 3). "[G]iven the fact that the stray references to [federal law] in the . . . complaint are brief and are obviously not the thrust of this case, and given [Plaintiff's] representation confirming that fact, it is clear that this case is not one which would invoke the original jurisdiction of this court. The case

---

*McBrearty v. Ky. Cmty. & Tech. Coll. Sys.*, No. 06-197, 2006 WL 2583375, at *5 (E.D. Ky. Sept. 7, 2006) ("True, the plaintiff generally referred to her 'federally protected rights' when she administratively appealed her termination to the KCTCS, and that she cited the ADA and Title VII when she filed her EEOC charge in February, 2006. The fact remains, however, that the plaintiff did not assert claims under those statutes, or under any federal constitutional provision, when she filed her state court complaint in May.").

must therefore be remanded." *Ctr. for Wildlife Ethics, Inc. v. Clark*, No. 18-335, 2018 WL 3408129, at *3 (N.D. Ind. July 12, 2018).

## Conclusion

For the foregoing reasons, the court **GRANTS** the motion to remand this matter to the Greenville County Court of Common Pleas. (ECF No. 17). The pending motion to dismiss (ECF No. 13) may be addressed by the able state court upon remand.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

May 17, 2021
Anderson, South Carolina